# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

BRANCH BANKING & TRUST CO., )
f/k/a THE HOME BANK OF TENNESSEE, )
　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff/Counter-defendant, )
　　　　　　　　　　　　　　　　　　　　)
v. ) No. 3:06-cv-191
　) (Phillips)
GARY S. BEAMS, )
　)
　　　Defendant/Counter-plaintiff. )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion for Partial Summary Judgment [Doc. 40], the third motion for summary judgment filed by the plaintiff. Plaintiff argues that its motion is not an attempt to revisit matters previously decided by this court; rather, plaintiff purportedly seeks clarification on the discrete issues of punitive damages to promote the efficient and expeditious resolution of these issues at trial. Plaintiff has also moved for a hearing on its motion [Doc. 42]. The court finds that the extensive briefs filed by the parties are more than adequate for the court to consider fully this matter, and therefore plaintiff's motion for a hearing [Doc. 42] is **DENIED**.

For the reasons that follow, plaintiff's motion for partial summary judgment [Doc. 40] is **DENIED.**

I.

Plaintiff argues that defendant is not entitled to punitive damages on its counterclaims for two reasons. First, plaintiff argues that Tennessee law only allows for punitive damages on one of

-1-

defendant's counterclaims, promissory fraud. Such a claim, plaintiff argues, is subject to the clear and convincing evidence standard, which defendant cannot satisfy. In any event, plaintiff argues, defendant cannot prove actual damages and therefore is not entitled to punitive damages. Second, plaintiff argues that defendant does not fall within the purview of the Tennessee Consumer Protection Act; accordingly, plaintiff argues that it is entitled to summary judgment and that such claim should be dismissed in its entirety.

Plaintiff's arguments regarding defendant's claim for promissory fraud are in essence an attempt to revisit the court's previous orders. Plaintiff initially argues that defendant cannot recover at all under such a theory because it cannot establish the necessary elements under the proper burden of proof. Because plaintiff moves for summary judgment on defendant's counterclaims, plaintiff will not bear the ultimate burden of proof at trial on such claims, and accordingly its burden as the movant to show an absence of genuine issue of material fact "may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Plaintiff has failed to do so, indeed, as this court has found on plaintiff's prior motions, there is substantial evidence in the record, previously detailed by Judge Varlan and adopted by the undersigned [*see* Doc. 23 at 6] in favor of defendant's counterclaims. On a motion for summary judgment, the court does not ask whether the evidence *must* dictate a verdict for defendant under the appropriate evidentiary standard (which plaintiff argues is the heightened "clear and convincing evidence" standard);[1] the court simply asks whether there is evidence, beyond a "mere scintilla," such that a reasonable jury *could* return a verdict for the

---

[1] It appears that the clear and convincing evidence standard would govern defendant's counterclaim of promissory fraud. *Noblin v. Christiansen*, No. M2005-01316-COA-R3-CV, 2007 WL 1574273, at *11 (Tenn. Ct. App. May 30, 2007) (claims for promissory fraud seeking to "set aside or reform a written instrument" must prove the fraud "by clear and convincing evidence").

-2-

Case 3:06-cv-00191   Document 59   Filed 01/14/09   Page 2 of 5   PageID #: 300

defendant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The court repeats its prior findings that upon the materials before it, a reasonable jury could find for the defendant, even under a clear and convincing evidentiary standard. Accordingly, there remain genuine issues of material fact to be determined at trial, and summary judgment is not appropriate.

Plaintiff alternatively argues that even if the obligation is reformed, as defendant seeks, defendant cannot prove actual damages, as he would still owe payment to the plaintiff, and without any actual damages, punitive damages cannot follow. The court has found that a jury must rule on defendant's counterclaim of promissory fraud, and accordingly it is undetermined at this time whether defendant will prove actual damages. Furthermore, the court does not find that any case law would prohibit defendant from seeking punitive damages, save for its claims under the TCPA[2] and its promissory estoppel claim, because in Tennessee "a jury, in its discretion, may award punitive or exemplary damages in addition to compensatory damages in tort cases where the defendant has acted fraudulently, maliciously, oppressively, or with gross negligence." *Booth v. Kirk*, 381 S.W.2d 312, 317 (Tenn. Ct. App. 1963). While promissory estoppel is a quasi-contractual action in equity, *Rampy v. ICI Acrylics, Inc.*, 898 S.W. 2d 196, 211 (Tenn. Ct. App. 1994), negligent misrepresentation and promissory fraud are torts, *Robinson v. Omer*, 952 S.W.2d 423, 426-27 (Tenn. 1997) (negligent misrepresentation is a distinct action sounding in tort); *e.g.*, *Styles v. Blackwood*, No., 2008 WL 5396804, at *6 (Tenn. Ct. App. Dec. 29, 2008) (referring to promissory fraud as tort). Being torts, defendant may recover punitive damages if he can prove that plaintiff

---

[2] In lieu of punitive damages, defendant is entitled to seek treble damages for "willing and knowing" violations of the TCPA, Tenn. Code Ann. 47-18-109(a)(3), and such treble damages are intended to be punitive in nature, *see Miller v. United Automax*, 166 S.W.3d 692, 697 (Tenn. 2005). Tennessee law prohibits, however, from obtaining *both* treble damages under his TCPA claim and punitive damages on his common law claims, due to the punitive nature of the treble damages. *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 907 (Tenn. 1999). This issue can be addressed at trial through proper jury instruction and use of special verdict forms. *Id.* at 909-11.

acted "fraudulently, maliciously, oppressively, or with gross negligence." *Booth*, 381 S.W.2d at 317. Contrary to plaintiff's arguments, whether plaintiff so acted remains a question of fact and is not an issue for which it is entitled to summary judgment.

Finally, plaintiff argues that defendant is not entitled to recover under the Tennessee Consumer Protection Act ("TCPA"). This argument is likewise a reiteration of plaintiff's prior motions for summary judgment [*see* Doc. 30 at 19-21]; namely, plaintiff argues that defendant and the transaction at issue do not fall within the purview of the TCPA and plaintiff therefore is entitled to judgment as a matter of law.

While the court perhaps has not explicitly addressed defendant's counterclaim under the TCPA, the court does so now and finds yet again that there remain questions of material fact regarding this issue. Defendant references in particular Tenn. Code Ann. § 47-18-104(b)(27), which prohibits "[e]ngaging in any ... act or practice which is deceptive to the consumer *or any other person*." *Id.* (emphasis added). Accordingly, defendant need not, as plaintiff has argued, fall within the definition of a consumer. Furthermore, while the umbrella paragraph to this particular provision requires the act or practice to "affect[] the conduct of any trade or commerce," *id.* § 47-18-104(b), the court finds that given the liberal construction of the TCPA, the immediate transaction would tend to fall within the purview of "trade or commerce" as defined by the TCPA. Specifically, those terms are defined as "the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated." *Id.* § 47-18-103(11). The court finds that the transaction at issue would fall within the ambit of this definition. Having so found as a matter of law, the court reiterates its previous findings that questions of fact remain as to the nature and extent

of any unfair acts and practices perpetrated by the plaintiffs.

II.

For the foregoing reasons, plaintiff's Motion for Partial Summary Judgment [Doc. 40] is **DENIED**.

The parties shall prepare the case for trial.

**IT IS SO ORDERED**.

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge